IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE HARMAN LAW FIRM, P.C., a New Mexico Professional Corporation, W. PATRICK HARMAN, Individually, and REGINA RIES, Individually,<br><br>    Plaintiffs,<br>vs.<br><br>UNITED STATES LIFE INSURANCE CO., a Corporation, MUTUAL OF OMAHA, a Corporation, and AMERICAN BAR ENDOWMENT, a Corporation,<br><br>    Defendants. | No. CIV 99-0024 PK/RLP |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants The United States Life Insurance Company in the City of New York ("U.S. Life") and American Bar Endowment's ("ABE") Motion to Dismiss for Failure to State a Claim filed February 16, 1999 (doc. 9), and the court, being fully advised in the premises, finds that the motion should be granted in part and denied in part.

Background

In this removal diversity action, Plaintiff Harman, his wife, Plaintiff Ries,

and his law firm, Plaintiff The Harman Law Firm, P.C. ("law firm"), are suing Defendants based upon non-payment of benefits under a disability policy. Plaintiffs allege that Plaintiff Harman became totally disabled due to depression on or about July 1996, that he filed a claim for benefits in January 1998 and that the claim was denied in March 1998. Plaintiffs' complaint contains several theories: (1) breach of contract (against Defendant U.S. Life), (2) breach of the covenant of good faith and fair dealing (against Defendant U.S. Life), (3) violation of the Insurance Practices Act, (4) violation of the Unfair Trade Practices Act, (5) intentional fraud and misrepresentation, (6) negligent misrepresentation, (7) prima facie tort, (8) breach of fiduciary duty, (9) unfair contract of adhesion (against Defendants U.S. Life and ABE), (10) promissory estoppel, (11) intentional infliction of emotional distress (against U.S. Life and ABE), and (12) Plaintiff Ries' loss of spousal consortium.

Defendants U.S. Life and ABE seek dismissal of all loss of consortium claims contained in the complaint (including count 12) for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). With respect to Plaintiff Ries, Defendants contend that she cannot recover based upon any alleged injuries resulting from non-tortious conduct. They further contend that any recovery for loss of consortium is barred because Mr. Harman has not sustained any physical injuries. With respect to Plaintiffs Harman and the law firm, Defendants contend that the law firm is an entity that cannot recover for loss of consortium and that Mr.

Harman cannot recover on his wife's loss of consortium claim. The court address the issues as they pertain to Plaintiffs Harman and the law firm first.

## Discussion

Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Despite the ambiguity contained in the complaint, the loss of consortium claim pertains only to Plaintiff Ries. Plaintiffs state that "[t]he loss of consortium claims being pursued in this matter relate to loss of consortium suffered by Plaintiff Regina Ries as a result of injuries to her spouse Plaintiff W. Patrick Harman as a result of the Defendants' conduct." Plaintiffs' Response filed Feb. 16, 1999 (doc. 11). Plaintiffs have not otherwise responded to Defendants' contention that the law firm cannot recover for loss of consortium nor can Mr. Harman recover on his wife's loss of consortium claim given that she is a party plaintiff. A loss of consortium claim involves emotional injury, see Gonzales v. Allstate Ins. Co., 921 P.2d 944, 947-48 (N.M. 1996), so the law firm as an entity certainly is not a proper plaintiff. To make it entirely clear, the court will dismiss any loss of consortium claims pled other than the loss of consortium claim on behalf of Plaintiff Ries.

With respect to Plaintiff Ries' loss of consortium claim, it may only be

asserted based upon tortious injuries to her spouse. Those injuries may be emotional, as well as physical. In Romero v. Byers, 872 P.2d 840 (N.M. 1994), New Mexico recognized a common law claim for spousal loss of consortium defining it as "simply the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another." Id. at 843. The Restatement (Second) of Torts § 693(1) (1977) provides that "One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse . . . ." Comment e speaks of "illness or bodily harm done to the impaired spouse." Id. cmt. e. Thus, Plaintiff Ries' loss of consortium claim lies only for tortious conduct affecting her husband; a mere breach of contract would not suffice.

New Mexico has not addressed whether a loss of consortium claim may be asserted where the other injured spouse (impaired spouse) suffers only emotional, rather than physical injury. A federal district court sitting in diversity must predict how the state's highest court would rule. See Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 870-71 (10th Cir. 1992). In a case recognizing a loss of consortium claim outside the spousal relationship, the New Mexico Supreme Court described its holding in Romero as rejecting reasons for "not compensating one spouse for the emotional distress or loss or injury of the other." Fernandez v. Walgreen Hastings Co., 968 P.2d 774, 782 (N.M. 1998)

(grandparent had loss of consortium claim based upon death of grandchild). The applicable uniform jury instruction does not limit injury to physical injury. See 3 N.M.R. Ann., Uniform Jury Instructions–Civil § 13-1810A & Directions for Use (Michie 1999 ed.). Other jurisdictions are split.

The loss of consortium count of the complaint alleges that "Plaintiff Harman suffered serious and permanent injuries," R. doc. 1, exh. A, ¶ 105, and no one has suggested that a loss of consortium claim could not be brought based upon emotional and physical injuries to a plaintiff's spouse. Regardless, it seems to the court that the New Mexico Supreme Court would adopt the view that serious emotional injuries to the Plaintiff's spouse would suffice for a spousal loss of consortium claim. See Molien v. Kaiser Found. Hosps., 616 P.2d 813, 823 (Cal. 1980) (" . . . [I]t is irrefutable that certain psychological injuries can be no less severe and debilitating than physical injuries. We could accept defendants' position only by rejecting the manifest truth that a marital relationship can be grievously injured when one spouse suffers a traumatically induced neurosis, psychosis, chronic depression, or phobia."); see also Pratt v. Ocean Med. Care, P.C., 653 N.Y.S.2d 608, 608 (N.Y. App. Div. 1997) (citing Delosovic v. City of New York, 541 N.Y.S.2d 685, 691-93 (N.Y. Sup. Ct. 1989)); Exxon Corp., USA v. Schoene, 508 A.2d 142, 148 (Md. Ct. Spec. App. 1986); Gates v. Richardson, 719 P.2d 193, 201 (Wyo. 1986).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED

that Defendants The United States Life Insurance Company in the City of New York ("U.S. Life") and American Bar Endowment's ("ABE") Motion to Dismiss for Failure to State a Claim filed February 16, 1999 (doc. 9), is granted insofar as any loss of consortium claims pled on behalf of Plaintiffs Harman or The Harman Law Firm, P.C. are concerned, and any loss of consortium by Plaintiff Ries must be based upon tortious conduct of a defendant. In all other respects, the motion is denied.

DATED this 5th day of March 1999, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Debra J. Moulton, Kennedy, Moulton & Wells, P.C., Albuquerque, New Mexico for Defendants American Bar Endowment and United States Life Insurance Company in the City of New York.

Esteban A. Aguilar, Aguilar Law Offices, P.C., Albuquerque, New Mexico and Felicia C. Weingartner, Branch & Weingartner, Albuquerque, New Mexico for Plaintiffs.